UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KALA W., <br><br>      Plaintiff, <br><br>  v. <br><br>ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br>      Defendant. | Case No. 3:24-cv-05741-TLF <br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

  Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the ALJ's decision is **AFFIRMED**.

<u>BACKGROUND</u>

  Plaintiff filed their application on January 4, 2019, alleging disability beginning on January 1, 2017. AR 599-609. On March 15, 2019, Plaintiff's claim was denied initially, and on June 7, 2019, on reconsideration. AR 393-96, 397-99. On July 1, 2019, Plaintiff requested a hearing (AR 400) and ALJ Allen G. Erickson found Plaintiff not disabled after holding a hearing. AR 368-86. Plaintiff requested administrative review; the Appeals Council granted review and remanded the case. AR 387-92. On June 15, 2023, the ALJ held the second hearing. AR 306-45.

  Utilizing the five-step disability evaluation process (20 C.F.R. §§ 404.1520, 416.920), the ALJ found:

1

**Step one**: Plaintiff has not engaged in substantial gainful activity since January 4, 2019. AR 232.

**Step two**: Plaintiff has the following severe impairments: depressive disorder, borderline personality disorder, general anxiety disorder with agoraphobia; cannabis use disorder; and methamphetamine use disorder. AR 232.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand, remember and apply short simple instructions; perform routine tasks; not in fast paced, production type environment; make simple decisions; and occasional interaction with general public and coworkers, but no team-oriented activity. AR 236.

**Step four**: Plaintiff has no past relevant work. AR 245.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled. AR 245-46.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. AR 1-7. Plaintiff appealed the final decision to this Court. Dkt. 1. The parties consented to the jurisdiction of a Magistrate Judge. Dkt. 2.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks

to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating her testimony and failing to properly evaluate the medical opinions of David Morgan, Ph.D., and Nurse Anneliese Kraiger. Dkt. 16. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed. Dkt. 21.

### A.  The ALJ Did Not Err in Evaluating Plaintiff's Testimony

The ALJ considered Plaintiff's testimony and discounted it due to (1) inconsistencies with the objective medical evidence and (2) her contradictory varied daily activities. AR 238-241.

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133,

3

1136-37 (9th Cir. 2014); see also *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify "*which* testimony [the ALJ] found not credible" and explain "*which* evidence contradicted that testimony" (emphasis in original)). However, the ALJ is not required to believe every claim of disabling pain, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), or to analyze the claimant's testimony line by line. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff reported that she was irritable, depressed and impulsive. AR 1030. She struggled to follow through on the things that she started. AR 1167-68. She stated she avoided going to places alone and experienced panic attacks, chest pressure, and sweating. AR 1083,1092. In January 2020, she was hospitalized after she threatened to harm her mother and kill herself with a heroin injection and was considered an "uncooperative patient". AR 1142.

The ALJ found evidence showing that the alleged severity of Plaintiff's symptoms was inconsistent with the record. While there were instances where her mood was agitated and anxious (AR 1196, 1203, 1205), she was described on exams as casually dressed, neatly groomed, with good eye contact, cooperative and forthcoming. *See, e.g.,* AR 1066 ("Client was friendly and cooperative . . . talkative and made good eye contact . . . seemed stable and was polite."), AR1215 (normal behavior); AR 1619 (cooperative and stable symptoms), AR 1623 (same), AR 1627 (same), AR 1629 (same), AR 2179 (normal mental status exam, including cooperative attitude and good eye contact).

She endorsed symptoms of depression and anxiety, and specifically inquired as to dialectical behavioral therapy for her borderline personality disorder, noting it was "helpful in the past." AR 1964. In September 2022, Plaintiff reported she continued to smoke "weed" daily to help her remain calm. She did not want to stop and denied it caused harm in her life. AR 2108.

The Plaintiff was finishing her GED as of February 2023, had scored highly on a practice test, and wanted to become a botanist. AR 2056. Plaintiff told providers she had a boyfriend and reportedly visited family and kept in touch with friends. AR 1083, 1633. She watched television, cleaned, traveled to Idaho to visit her sister, reported riding the bus on a few occasions, and attended a concert. AR 1083, 1629, 1975, 2095, 2105. Plaintiff also volunteered at PAWS and reported she really liked going there and wanted to continue to go and volunteer because it kept her busy and she was tired when she went home. AR 2090, 2092, 2097.

While the Plaintiff is correct that volunteering is different than working a full-time job and traveling at times is not the same as traveling often, it was reasonable for the ALJ to conclude that Plaintiff's testimony was unreliable based on its inconsistency with other evidence in the record. "ALJs 'need not discuss all evidence presented to [them]. Rather, [they] must explain why significant probative evidence has been rejected.' " *Diedrich v. Berryhill*, 699 F. App'x 726, 726 (9th Cir. 2017) (quoting *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)) (alterations in original). The record does contain numerous references to Plaintiff's mood being anxious or depressed. *See*, *e.g.*, AR 1418, 1493, 1528, 1555, 1571. But the ALJ reasonably concluded that Plaintiff's testimony that she had difficulty concentrating and poor

1  judgment is contradicted by evidence fair/good judgment, goal directed and logical

2  through content, and fair to good memory. *See*, *e.g.*, AR 1029, 1422, 1620, 1623, 1627,

3  1634.

4        The Ninth Circuit has held that an ALJ should "link" any rejected testimony "to

5  [the] particular parts of the record supporting the adverse credibility determination."

6  *Morsea v. Berryhill*, 725 F. App'x 463, 465 (9th Cir. 2018) (citing *Brown-Hunter*, 806

7  F.3d 487, 493–94 (9th Cir. 2015)). "Even where those activities suggest some difficulty

8  functioning, they may be grounds for discrediting the claimant's testimony to the extent

9  that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113

10 (citing *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1225 (9th Cir. 2010); *Valentine v.*

11 *Comm'r of Soc. Sec*, 574 F.3d 685, 693 (9th Cir. 2009)).

12       The ALJ reasonably concluded that Plaintiff's testimony that she is not

13 productive, is anxious about being in closed spaces and in crowds, and doesn't like to

14 leave her home (AR 1415, 1633, 1659) was inconsistent with evidence which showed

15 she went to a concert, traveled to Idaho to visit her sister, generally spent time with

16 family, wanted to continue volunteering at PAWS, was pursuing her GED and wanted to

17 pursue a career as a botanist. Accordingly, the ALJ did not err in discounting Plaintiff's

18 testimony for this reason.

19       **B. The ALJ Did Not Err in Evaluating the Medical Opinions of Dr. Morgan and Nurse Kraiger**.

20

21       i.    Dr. David Morgan, Ph.D.

22 In March 2021 and February 2023, Dr. Morgan diagnosed Plaintiff with

23 Agoraphobia, Major Depressive Disorder (MDD), recurrent, moderate; and Stimulant

24 Use Disorder in early remission. AR 1415, 2220. He found marked limitations in

25

6

Plaintiff's abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; complete a normal work day and work week without interruptions from psychologically-based symptoms; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; adapt to changes in a routine work setting; and, make simple work-related decisions. AR 1416, 2221. He determined Plaintiff's impairments and limitations would persist for 12 months, were not derived from Drug Addiction and Alcoholism ("DAA"), and that vocational resources would not help. AR 1417, 2221. He recommended DAA treatment along with mental health treatment. AR 1417, 2222.

The ALJ found Dr. Morgan's opinion not persuasive because he "provided little to no explanation" for the severity of his findings, his findings were inconsistent with the many normal mental status exams in the record and Plaintiff's daily activities, and Plaintiff was not forthcoming with Dr. Morgan about her substance use. AR 243-44.

Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

In *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022), the Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the 2017 regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

Consistency with the record is an important factor in assessing the weight to give a medical opinion, yet mental examinations must be considered in the context of the overall record. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). Here, the ALJ found Dr. Morgan's opinion to be inconsistent with the records showing Plaintiff's many normal mental status exam findings. *See, e.g.*, AR 2053, 2056, 2057, 2058, 2062, 2073, 2084, 2178, 2181.

Substantial evidence in the medical record supports the ALJ's conclusion. In the notes from appointment notes the ALJ references, Plaintiff was noted to be anxious during many sessions, but she was also noted to be adequately groomed, future and goal oriented with a logical and organized thought process and was learning how to cope with her anxiety and depression symptoms. *See, e.g.*, AR 2053, 2056, 2057, 2058, 2062, 2073, 2084, 2178, 2181.

Plaintiff highlights specific parts of the clinical interview with Dr. Morgan, including her statement that she had a hard time getting out of bed (AR 1414) and she had limited interests and little motivation due to her symptoms of depression and

8

1  anxiety (AR 1414). Yet the ALJ took these portions of the record into consideration in

2  evaluating medical evidence of Plaintiff's symptoms and limitations. AR 243.

3        The ALJ is responsible for determining credibility and resolving ambiguities and

4  conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

5  Where the evidence is inconclusive, "questions of credibility and resolution of conflicts

6  are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.

7  1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of

8  Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether

9  inconsistencies in the evidence "are material (or in fact are inconsistencies at all) and

10  whether certain factors are relevant to discount" medical opinions "falls within this

11  responsibility." *Id.* at 603.

12        Here the ALJ identified inconsistencies between the record and Dr. Morgan's

13  opinion and this reason is supported by substantial evidence in the record; this is a valid

14  reason to discount Dr. Morgan's opinion. Any error regarding the other reasons the ALJ

15  gave for discounting the opinion would be harmless. Therefore, the Court will not

16  consider the ALJ's other reasons for discounting Dr. Morgan's opinion. *See Carmickle v.

17  Comm'r of Soc. Sec*. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008) (if at least one

18  reason is legally valid then inclusion of erroneous reasons is harmless).

19        ii.    Nurse Anneliese Kraiger

20        On June 14, 2021, Nurse Kraiger completed a Mental Source Statement for

21  Plaintiff, and found Plaintiff had marked or extreme limitations in performing the majority

22  of most basic work tasks, including the ability to carry out short and simple instructions,

23  to interact appropriately with general public, and to respond appropriately to changes in

24

25

the work setting. AR 1512-14. In October 2021, Nurse Kraiger opined for that for 20% of the day (i.e., a category III rating, the second most severe rating provided on the checkbox form), Plaintiff would be unable carry out even short and simple instructions, interact appropriately with the public, or maintain socially appropriate behavior and adhere to basic standards of cleanliness. And for at least 30% of the day, (i.e., category IV, the most severe rating offered on the form), Plaintiff would be unable to engage in activities such as maintaining attention, sustain an ordinary routine without special supervision, work in coordination or proximity to others, make even simple work-related decisions, ask simple questions, get along with co-workers, accept instructions, ask a simple question, be aware of normal hazards, use public transportation, or set realistic goals. AR 1662-64.

   The ALJ found these extreme assessments not persuasive because Nurse Kraiger "failed to cite objective findings to support her opinion", the "overall record does not support the severity of Nurse Kraiger's opinion," and her findings were inconsistent with the Plaintiff's ability to engage in a range of activities. AR 244.

   The ALJ's decision was supported by substantial evidence. The ALJ cited to records where Plaintiff's memory was determined to be "mostly good" (AR 1029, 1157, 1158, 1509), exhibited normal/direct eye contact (AR 1038, 1157, 1170), was friendly and cooperative with providers (AR 1066, 1215), demonstrated good attention span and fair concentration (AR 1029, 1158, 1307), was goal directed (AR 1029, 1072, 1170), had good hygiene (AR 1170), and presented with normal mental status in many of her exams (*See, e.g.*, AR 2053, 2056, 2057, 2058, 2062, 2073, 2084, 2178, 2181).

The ALJ identified inconsistencies between the record and Nurse Kraiger's opinion and this reason is supported by substantial evidence in the record. Any error regarding the other reasons the ALJ gave for discounting the opinion would be harmless. Therefore, the Court will not consider the other reasons provided by the ALJ for discounting Nurse Kraiger's opinion. *See Carmickle v. Comm'r of Soc. Sec.* Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008).

## CONCLUSION

Based on the foregoing discussion, the Court AFFIRMS the ALJ's decision.

Dated this 1st day of August, 2025.

Theresa L. Fricke
United States Magistrate Judge